# Richmond

COMBINED INSURANCE COMPANY OF AMERICA V. RALPH LEE MUNDY.

June 16, 1969.

Record No. 6940.

Present, All the Justices.

*Fielding L. Logan, Jr. (Gentry, Locke, Rakes & Moore, on brief),* for plaintiff in error, submitted on brief.

No brief or argument for defendant in error.

Per Curiam.

This proceeding originated in the County Court of Botetourt County. There, a judgment was entered against Combined Insurance Company of America in favor of Ralph Lee Mundy. Combined applied for an appeal (Code, § 16.1-106) and gave an appeal bond (Code, § 16.1-107). The judge of the county court approved the surety on the bond and allowed the appeal.

The bond listed the names of Caleb L. Hall as principal and The Travelers Indemnity Company as surety. It was executed by Hall and by Travelers, and its condition was that Combined abide by the judgment of the circuit court if the appeal was perfected or satisfy the judgment of the county court if the appeal was not perfected.

In the circuit court, Mundy filed a motion to dismiss the appeal on the ground that the bond was "defective and [did] not comply with the statutes governing appeal bonds." The court granted the motion and dismissed the appeal. Combined was granted a writ of error.

Code, § 16.1-107 provides, in part, that "No such appeal shall be allowed unless and until the party applying for the same *or someone for him* shall give bond, in an amount and with sufficient surety . . . to abide by such judgment as may be rendered on appeal if such appeal be perfected, or if not so perfected, then to satisfy the judgment of the court in which it was rendered." [Emphasis added.]

The trial court was of opinion that the bond required by Code, § 16.1-107 "must be the bond of the appellant." The court held that Caleb L. Hall, shown as principal on the bond, executed the instrument "not for the appellant but for himself" and that the bond did not comply, therefore, with the provisions of Code, § 16.1-107.

We do not agree. We believe the words "or someone for him," appearing in Code, § 16.1-107, mean that the bond called for by that Code section may be given by someone other than the party taking the appeal, provided the bond is conditioned as required by the statute and carries sufficient surety. The bond filed in this case conformed to the requirements of the statute, and it was error, therefore, to dismiss the appeal.

The order dismissing the appeal will be reversed, the appeal reinstated, and the case remanded for trial.

*Reversed and remanded.*